# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-025V
Filed: August 8, 2016
Not to be Published

* * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| RANDALL HO, | Influenza and DTaP vaccinations; |
| Petitioner, | Petitioner's Motion for a |
|  | Decision Dismissing the Petition; |
| v. | Insufficient Proof of Causation; Vaccine |
|  | Act Entitlement; Denial Without Hearing |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

* * * * * * * * * * * * * * * * * * * * * * * * *

## DECISION

On January 9, 2015, Petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[1] alleging that various vaccinations caused Petitioner's chronic illness. The information in the record, however, does not show entitlement to an award under the Program.

On August 5, 2016, Petitioner moved for a decision dismissing his petition, acknowledging that he will be unable to prove he is entitled to compensation in the Program.

To receive compensation under the Program, Petitioner must prove either 1) that Petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of Petitioner's vaccinations, or 2) that Petitioner suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's chronic illness was vaccine-caused.

---

[1] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Under the Act, the petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because there are insufficient medical records supporting Petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Petitioner has failed to demonstrate either that Petitioner suffered a "Table Injury" or that Petitioner's chronic illness was "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/George L. Hastings, Jr.</u>
George L. Hastings, Jr.
Special Master